UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : |  |
|     Plaintiff, | : |  |
|  | : |  |
|     v. | : | No. 2:04-cv-175 |
|  | : |  |
| $12,718 IN U.S. FUNDS, | : |  |
| $3,000 IN U.S. FUNDS, | : |  |
|     Defendants. | : |  |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This action was brought by the United States to forfeit $12,718 in U.S. funds and $3,000 in U.S. funds (collectively the "Currency") pursuant to 21 U.S.C. § 881(a)(6).  The United States seeks forfeiture of the Currency on the grounds that it constitutes the direct or indirect proceeds of illicit transactions in violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801-971, or was used or intended to be used to facilitate such illicit transactions, and therefore is forfeit to the United States.  John Van Hazinga was the only claimant to the Currency.

The Court held a one-day bench trial on October 11, 2006.  Based upon the testimony of witnesses, all of the evidence submitted, and arguments of counsel, the Court makes the following findings of fact and conclusions of law, as required by Rule 52 of the Federal Rules of Civil Procedure.  In sum, the Court finds that the Currency was the direct or indirect proceeds

of marijuana sales by Van Hazinga, or was used or intended to be used to facilitate such illicit transactions, and is therefore forfeited to the United States.  Accordingly, Van Hazinga's claim is hereby dismissed.  The Government should promptly submit a final order of forfeiture.

**I.   Findings of Fact**

On January 6, 2004, Vermont State Police Officer Todd Baxter stopped a car for speeding.  The car was driven by Sky Ganer.  Claimant John Van Hazinga was a passenger in the car.

When he approached the car, Officer Baxter could smell a strong odor of marijuana.  During Officer Baxter's training as a police officer he learned to identify the scent of marijuana.  He also has extensive experience as a law enforcement officer and has worked on many cases of marijuana possession and distribution during that time.  He is capable of accurately detecting the scent of marijuana and identifying marijuana by sight.

Officer Baxter obtained Ganer's consent to search the car, and Ganer handed the officer marijuana that was in the glove compartment of the car.  Officer Baxter found a blue backpack behind the back seat of the car, which he opened to find a mason jar of marijuana buds and a checkbook in the name of a business, Ridin' High, which contained $12,000.00 in U.S. currency.  Ridin' High was later identified as the name of a seasonal skate shop owned by Van Hazinga.  Additionally, Officer Baxter found a black

Burton bag in a coat, containing a glass marijuana pipe, a small bag of marijuana "shake" (excess leafy material with little value) and $30.00 in U.S. currency.  The marijuana found in the car totaled about 21.5 grams.  Officer Baxter additionally found $698.00 on Van Hazinga's person and $106.00 in cash on Sky Ganer's person. (Gov. Ex. 1.)

Officer Baxter spoke to Ganer and Van Hazinga.  At that point Van Hazinga said that he did not have a job.  Later he stated that he owned a seasonal skate shop ("Ridin' High") in Burlington.  Officer Baxter asked where Ganer and Van Hazinga lived, and they gave contradictory and false statements about their residences.  Ultimately Officer Baxter determined that they lived together at 401 Hazen Notch, Lowell, Vermont.  Van Hazinga also had an apartment at 6 Park Street, Burlington, and his business was located at 2 Pearl Street, Burlington.[1]

After locating the marijuana and currency in the backpack, Officer Baxter ceased his search and seized the car, and applied for and obtained state-court search warrants for the vehicle, the residence shared by Ganer and Van Hazinga in Lowell, Vermont and Van Hazinga's apartment and business in Burlington, Vermont.

The Lowell residence was searched on January 26, 2004.  When officers entered the residence, they noted the smell of fresh

---

[1]Although Van Hazinga's apartment and business have different addresses, they are actually located at the same spot at the corner of Pearl and Park Streets in Burlington.  The business is upstairs and the residence is downstairs.

marijuana.  Officers determined which bedroom belonged to Van Hazinga by examining the possessions in each room, such as checkbooks and bills.  In Van Hazinga's bedroom, officers located a checkbook in Van Hazinga's name in the nightstand, containing $3,000.00 in U.S. currency.  (Ex. 13b.) In his closet, they located marijuana including 3 mason jars full of marijuana(Exs. 13c and 13d); a bag of marijuana "shake"in the closet (Ex. 13f); and drying marijuana buds in the closet, hanging from clothes hangers, lying on shelves, and placed between stacked paper plates. (Exs. 13, 13a, 13e.)  In the bathroom of the residence, they located a burlap bag of marijuana clippings. (Exs. 13g, 13o, 13p.) Additional marijuana was located in the living room of the apartment. (Ex. 3.)  Officers also located paraphernalia in the apartment such as glass pipes in the living room and kitchen, a digital scale in Ganer's room, and light grow equipment in the attic. (Exs. 3, 13l, 13m, 13n, 13q.)

Van Hazinga's business and residence in Burlington was also searched on January 26, 2004.  The ground floor, where the Ridin' High skate shop is located, did not appear to be an active place of business.  The officers conducting the search did not see any inventory, a cash register, or any receipts or ledgers in the store.  The search of the office and living space in the basement revealed one glass bong, a plastic cup containing marijuana, two large marijuana "joints," a total of eleven plastic bags

containing marijuana, a total of twelve jars of marijuana, a milk jar of marijuana, two scales, and two pieces of paper with names and numbers on them. (Ex. 2.)

The police found a total of about 6.09 pounds of marijuana in the car, the residence in Lowell, and the residence in Burlington. It was field tested at the time of the searches and samples from the car, the residence and the business were tested at the state lab. All of the samples tested proved to be marijuana. (See Exs. 2a, 7.)

In 2002, Van Hazinga had gross receipts or sales of $12,000.00 from carpentry work, and gross receipts or sales of $23,691.00 from the skate shop, as reported in his income tax forms. He reported a total income of $336.00. (Ex. 5.) In 2003, he reported gross receipts or sales of $7,500.00 from carpentry work and $48,123.00 from the skate shop, and a total income of $19,635.00. (Ex. 6.)

In 2000, law enforcement agents arrested Adam Ricciardiello for marijuana trafficking. Ricciardiello cooperated with the agents, and named his sources and customers in the marijuana business. Van Hazinga was among those named. Ricciardiello purchased marijuana from Van Hazinga beginning in 1999, and sold him marijuana until he was arrested in 2000. (Ricciardiello Dep. 8:10-9:23.) Ricciardiello's records of his marijuana sales reveal that Van Hazinga owed Ricciardiello about $68,900.00 for

5

marijuana at the time of Ricciardiello's 2000 arrest. (Ex. 9). All of the transactions between the two were in cash. (Ricciardiello Dep. 13:3-14.) Ricciardiello stated that Van Hazinga was selling the marijuana that he bought from Ricciardiello to his friends and other associates; Ricciardiello was aware of these transactions because he would loan Van Hazinga marijuana and Van Hazinga would tell him where he planned to sell it in order to repay Ricciardiello. (Ricciardiello Dep. 15:22-16:6.) Ricciardiello's story about Van Hazinga's involvement in his marijuana trafficking was corroborated by the regular appearance of Van Hazinga's telephone number in Ricciardiello's phone records. (Ex. 8.)

**II.  Conclusions of Law**

In order to meet its burden of proof in a civil forfeiture action, the Government must demonstrate probable cause that the property is subject to forfeiture. <u>United States v. Two Parcels of Prop. Located at 19 and 25 Castle St.</u>, 31 F.3d 35, 39 (2d Cir. 1994) (citing <u>United States v. Banco Cafetero Panama</u>, 797 F.2d 1154, 1160 (2d Cir. 1986)). This showing requires the Government to show a nexus between the money to be forfeited and illegal drug activity. <u>United States v. Daccarett</u>, 6 F.3d 37, 56 (2d Cir. 1993). Once the Government has established probable cause, the burden of proof shifts to the claimant, who must prove by a preponderance of the evidence that "either (1) the property was

not used for an illegal purpose; or (2) the illegal use of the property was without his knowledge or consent." Two Parcels of Prop., 31 F.3d at 39 (citing United States v. 785 St. Nicholas Ave., 983 F.2d 396, 403 (2d Cir. 1993)).

The Government has shown a nexus between the currency and the marijuana found in Van Hazinga's Lowell residence, his Burlington residence, his backpack, and the car in which he was riding which clearly amounts to probable cause that the Currency is subject to forfeiture.  Although Ricciardiello's testimony refers to a time period about four years before the incidents at issue here, it establishes that Van Hazinga had a history of dealing in marijuana, both buying and selling.  In addition, the quantities of marijuana and of cash involved (particularly as compared to Van Hazinga's legitimate income) suggest marijuana trafficking, as do paraphernalia such as scales and grow lights found in Van Hazinga's Lowell residence.

Van Hazinga's claim is hereby dismissed.  The Government should promptly submit a final order of forfeiture.


Dated at Burlington, Vermont this 6th day of November, 2006.


                                        /s/ William K. Sessions III
                                        William K. Sessions III
                                        Chief Judge